MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion in its conclusion that Section 39-71-2207, MCA, does not apply to this case. As pointed out in the majority opinion, an insurer has two alternatives to the continued payment of weekly compensation. First, the insurer can deposit cash with the Division in an amount equal to the estimated present value of the total unpaid compensation, assuming interest at 5 percent. Following such a deposit, payment will be made to the claimant on a weekly basis from that fund. The second alternative is that the insurer may purchase an annuity sufficient to pay out weekly compensation benefits owing to the claimant. In that event, the insurance company shall pay the weekly benefits to the claimant. The majority opinion indicates such an annuity could be purchased for the claimant for approximately $70,000.
The majority opinion results in an award of $331,184.68 to the claimant if the Workers’ Compensation Court concludes that a full lump sum settlement should be made. Should that award be made, the claimant could take approximately $70,000 and purchase an annuity which would guarantee him the same weekly benefits he presently is receiving from the insurer for the balance of his life. This would then leave approximately $250,000, to be expended by the claimant. An alternative possibility under the majority opinion is that the claimant could use $140,000 to purchase an annuity giving him lifetime weekly benefits twice those already awarded to him by the Fund, and yet still have approximately $200,000 remaining for expenditure.
In holding that Section 39-71-2207, MCA, does not apply in this case, the majority has failed to address the interplay of that section with Section 39-71-741, MCA. The result of that failure can be illustrated simply be setting forth the following argument, which the claimant now appropriately *215 may make before the Workers’ Compensation Court on remand:
(1) Describe in detail the various debts and needs on the part of the claimant which justify a request for a lump sum payment.
(2) Request that the Court award the full lump sum of $331,184.68.
(3) To remove any question present in the Court’s mind regarding proper protection for the claimant, offer to apply approximately $70,000 from the lump sum settlement for the purchase of a commercial annuity which will guarantee weekly payments to the claimant equal in amount to those presently being paid to him, thereby protecting claimant against any future waste of funds.
(4) Emphasize to the Court that it would not be to the best interest of the claimant should the Court fail to award the full sum of $331,184.68, as that would benefit only the State Fund. Point out to the Court that under the statutes and opinions of the Montana Supreme Court, the Workers’ Compensation Court must interpret the law liberally for the benefit of the claimant. Emphasize that such a liberal interpretation requires the payment of the full sum of $331,184.68 because of the obvious great benefit granted to claimant without any risk or harm.
The foregoing illustrates the dilemma resulting from the majority opinion. In addition, it may cause a race of the diligent as between insurers seeking to purchase an annuity and claimants seeking a lump sum settlement.
I trust that the next session of our legislature will address this dilemma.
MR. JUSTICES HARRISON and GULBRANDSON join in the foregoing dissent.